IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MEADE COMMUNITIES, LLC,                      *

    PLAINTIFF                               *

                                         CIVIL ACTION NO.: RDB-11-1526

        V.                                   *

CASSANDRA WASHINGTON,                        *

    DEFENDANT.                              *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**MEMORANDUM OPINION**

Plaintiff Meade Communities, LLC ("Meade") is a Maryland limited liability corporation that operates family housing at Fort Meade, Maryland under the Department of Defense Military Housing Privatization Initiative, 10 U.S.C. §§ 2871, *et seq.* Defendant Cassandra Washington ("Washington"), who is defending this action *pro se*, currently resides in a house owned and operated by Meade, but since at least August 2010 ceased making regular rent payments as required under the Residential Lease Agreement executed between the parties. *See* Lease Agmt., ECF No. 1-1. On June 6, 2011, Meade instituted this lawsuit against Washington seeking eviction and rent owed as a result of Meade's failure to abide by the terms of her lease. *See* Compl., ECF No. 1. On June 23, 2011, Washington answered Meade's Complaint and essentially acknowledged that she is in breach of the Lease Agreement. *See* Answer, ECF No. 5. This Court has jurisdiction over this dispute under 28 U.S.C. § 1331 insofar as the lease agreement at issue involves a home located at Fort Meade, a military installation under exclusive federal subject matter jurisdiction. Discovery has now concluded, and Plaintiff Meade filed the pending Motion for Summary Judgment. ECF No.

8. This Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Meade's Motion for Summary Judgment (ECF No. 8) is GRANTED.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (U.S. 2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).  This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md.  2001) (citations omitted).

## ANALYSIS

As previously mentioned, in answering the Complaint, Washington conceded that she is in breach of her lease with Plaintiff Meade.  Specifically, on June 22, 2011, Washington stated:

> I'm requesting the United States District Court and Meade Communities for some additional time to pay the amount owed. . . .  Before the month of July ends I plan to pay all of Jun[e] payment and part of July.  I have been in a hardship every [sic] since my husband and I have been separated.  I'm presently working at the Internal Revenue Service for 17 years; I'm also required by my code of ethic[s] to make sure that my responsibilities are keep [sic] up to standards.  Please allow me the time to catch up with the amount I owe.

Washington Answer, ECF No. 5.

Notwithstanding Washington's intention to "catch up," at the time of the filing of Meade's motion for summary judgment, she had not made any rent payments in over ten months.  *See* Meade Mem. and attachments, ECF Nos. 8-1 & 8-3.  She currently owes $17,400.00 in unpaid rent and late fees.  In addition to the unpaid rent, Meade also seeks and Order from this Court directing Washington to immediately vacate her home at Fort Meade.  Washington has not responded to the motion for summary judgment—indeed, after filing her Answer, Washington has not filed a single document, responsive or otherwise.  After reviewing the pleadings, memoranda, and supporting documentation, this Court concludes that Washington is indeed in breach of her lease agreement, owes $17,400.00 to Meade, and

is subject to eviction.  As the facts are undisputed, there are no genuine issues of material fact for trial, and this Court concludes that Plaintiff Meade is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Plaintiff Meade's Motion for Summary Judgment (ECF No. 8) is GRANTED, Defendant Washington is indebted to Meade in the amount of $17,400.00, and Washington must immediately vacate the property located at 3073 A Moon Court, Fort Meade, Maryland 20755.

Dated: June 26, 2012

/s/_____
Richard D. Bennett
United States District Judge